UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>RICARDO MANUEL DURAN,<br><br>Defendant. | No. 2:20-cr-00228-JAM<br><br>**ORDER DENYING DEFENDANT'S MOTION TO SUPPRESS** |

Before the Court is Ricardo Manuel Duran's ("Defendant" or "Duran") Motion to Suppress. Mot. to Suppress, ECF No. 17. Defendant moves to suppress all the evidence obtained during the October 20, 2020 search of his person and car. See generally id. The Government opposed this motion, Opp'n, ECF No. 21, to which Defendant replied, Reply, ECF No. 22. The Court heard arguments on the motion and testimony from Police Officer Rogers at an evidentiary hearing on September 21, 2021. For the reasons set forth below, Defendant's motion is denied.

I.   FACTUAL BACKGROUND

On the evening of October 20, 2021, Defendant was parked on

1

the side of a rural road on Industrial Avenue in Lincoln, California.  Lincoln Police Dept. Crime Report ("Police Report"), ECF No. 19-1.  At approximately 10:19 pm, Officer Rogers of the Lincoln Police Department pulled up behind Defendant's vehicle.  Id.  Defendant informed the officer that he was stopped because his car had overheated.  Id.  Noticing Defendant's tattoos, Officer Rogers asked Defendant if he was affiliated with a gang.  Id.  Defendant stated he was.  Id.  The officer then asked if Defendant was on probation or parole to which Defendant responded he was on federal probation.  Id.  The officer followed up by asking if Defendant had anything illegal on him.  Id.  Defendant responded that he had a little bit of methamphetamine in his pocket.  Id.  Officer Rogers then conducted a records check, which revealed Defendant was on felony probation and had an active federal warrant.  Id.  Officer Rogers removed Defendant from the car, handcuffed, and searched him.  Id.  Methamphetamine and heroin were found on his person.  Id.  A semi-automatic handgun and methamphetamine pipe were found in his car.  Id.

## II.   OPINION

   The Fourth Amendment protects the right to be free from unreasonable searches or seizures.  U.S. Const. Amend. IV. "A seizure conducted without a warrant is 'per se unreasonable under the Fourth Amendment—subject only to a few specifically established and well delineated exceptions.'"  United States v. Hawkins, 249 F.3d 867, 872 (9th Cir. 2001) (quoting Minnesota v. Dickerson, 508 U.S. 366, 372 (1993)).  A person is "seized" for purposes of the Fourth Amendment when "by means of physical

force or show of authority, his freedom of movement is restrained." United States v. Mendenhall, 446 U.S. 544, 552 (1980). "A police officer may make a seizure by a show of authority and without the use of physical force, but there is no seizure without actual submission." Brendlin v. California, 551 U.S. 249, 254 (2007) (citing California v. Hodari D, 499 U.S. 621 (1991)). Evidence obtained as a direct or indirect result of an unlawful search or seizure is inadmissible as "fruit of the poisonous tree." United States v. McClendon, 713 F.3d 1211, 1215 (9th Cir. 2013).

Defendant bears the burden of showing a seizure occurred by a preponderance of evidence. See United States v. Matlock, 415 U.S. 164, 177 n.14 (1974) (noting that the burden of proof at suppression hearings is no greater than a preponderance of the evidence); United States v. Cayman, 404 F.3d 1196, 1199 (9th Cir. 2005) (explaining it is "a defendant's burden to establish a Fourth Amendment violation"). The government then has the burden of justifying the warrantless seizure under one of the few specifically established exceptions to the warrant requirement. United States v. Huguez-Ibarra, 954 F.2d 546, 551 (9th Cir. 1992); see also United States v. Guevara, 745 F.Supp.2d 1039, 1043 (N.D. Cal. 2010) ("once [defendant] demonstrates that a warrantless search or seizure occurred, the burden shifts to the government to demonstrate a justification or exception to the warrant requirement.")

Defendant claims Officer Rogers closed his driver-side door and ordered him to place his hands on the wheel, to which he complied, after Defendant informed him he was waiting for his

3

car to cool down. Decl. of Ricardo Duran, ECF No. 17-1. Because an order to place one's hands on the steering wheel, if complied with, constitutes a seizure, see United States v. Reyes, 255 Fed.Appx. 699, 701 (9th Cir. 2007), and Officer Rogers did not have reasonable suspicion at that point, Defendant argued the seizure was unlawful and all evidence obtained as a result should be suppressed. Mot. to Suppress at 3. The Government denied that Officer Rogers ordered Defendant to place his hands on the wheel. See Opp'n at 3. Accordingly, the Court held an evidentiary hearing to resolve this factual dispute. Officer Rogers testified at this hearing and was cross examined by counsel for Defendant. Duran did not testify.

Weighing Officer Rogers' testimony against Defendant's declaration, the Court finds Officer Rogers' version of events to be more credible and that he did not order Defendant to place his hands on the wheel. See United States v. Thoms, 684 F.3d 893, 903 (9th Cir. 2012) (noting "live testimony is the bedrock of the search for truth in our judicial system" and "where an unresolved factual dispute exists, demeanor evidence is a significant factor in adjudging credibility.") While Defendant argued that the Court should find otherwise, the totality of the circumstances suggests that Officer Rogers' testimony that this was a consensual encounter and at no time prior to his conversation with Defendant did he seize Defendant, is more accurate than Defendant's version set forth in his declaration. Thus, the Court finds Defendant has not met his burden of demonstrating he was unlawfully seized and suppression of the evidence is not warranted.

4

## III. ORDER

For the reasons set forth above, the Court DENIES Defendant's Motion to Suppress.

IT IS SO ORDERED.

Dated: September 23, 2021

JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE